UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERIC R. SILSBY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OWNIT MORTGAGE SOLUTIONS, INC.;<br>et al.,<br><br>　　　　Defendants. | 3:11-CV-0476-LRH-VPC<br><br>ORDER |

Before the court is defendants LSI Title Company ("LSI") and Quality Loan Service Corporation's ("QLS") motion to dismiss (Doc. #5[1]) to which individual defendant Keli Tune ("Tune") joined (Doc. #16).

Also before the court is defendant Litton Loan Servicing LP's ("Litton") motion to dismiss and expunge lis pendens. Doc. #7.

**I.  Facts and Procedural History**

On March 28, 2006, Silsby purchased real property through a mortgage note and deed of trust executed by defendant Ownit Mortgage Solutions, Inc. ("Ownit"). Silsby defaulted on the loan and defendants initiated non-judicial foreclosure proceedings.

Subsequently, on May 18, 2011, Silsby filed a complaint against defendants alleging nine

---

[1] Refers to the court's docketing number.

causes of action: (1) debt collection violations; (2) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (3) Nevada Unfair Lending Practices Act, NRS 598D.100; (4) breach of the covenant of good faith and fair dealing; (5) NRS 107.080; (6) quiet title; (7) fraud; (8) slander of title; and (9) abuse of process. Doc. #1, Exhibit 2. Thereafter, moving defendants filed the present motions to dismiss. Doc. ##5, 7.

## II.    Legal Standard

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

1  true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of
2  the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret
3  Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)
4  (internal quotation marks omitted). The court discounts these allegations because "they do nothing
5  more than state a legal conclusion—even if that conclusion is cast in the form of a factual
6  allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to
7  dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be
8  plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III. Discussion

#### A. Debt Collection Violations

Pursuant to NRS § 649, it is a violation of state law to violate any provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. NRS § 649.370. Here, Silsby alleges that defendants violated the FDCPA by initiating a non-judicial foreclosure without following the proper procedures for attempting to collect a debt.

It is well established that non-judicial foreclosures are not an attempt to collect a debt under the Fair Debt Collection Practice Act and similar state statutes. *See e.g., Hulse v. Ocwen Fed. Bank FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002); *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D. Nev. 2010) (holding that recording a notice of default is not an attempt to collect a debt because the borrower already consented to allow the foreclosure trustee to record the notice upon default). Therefore, the court finds that Silsby fails to state a claim against moving defendants for violation of the FDCPA, and thereby NRS § 649.

#### B. Nevada Unfair and Deceptive Trade Practices Act

Pursuant to NRS 598.0923 it is a deceptive trade practice to conduct business in the State of Nevada without all required state, county or city licenses. NRS 598.0923(1). Silsby alleges that defendants violated the statute by recording the underlying notice of default without having a state

3

1  business license. However, it is undisputed that defendants LSI, Tune, and Litton took no action in
2  recording the notice of default. Because these defendants took no action in causing the notice of
3  default to be recorded, they cannot have violated the Nevada Unfair and Deceptive Trade Practices
4  Act as a matter of law.
5      Further, the allegations against QLS, which actually caused the notice of default to be
6  recorded, are conclusory allegations that offer nothing more than a formulaic recitation of the
7  elements of a violation. As such, they are insufficient to state a claim upon which relief can be
8  granted. *See Moss*, 572 F.3d 969.
9      **C.  Nevada Unfair Lending Practices Act**
10     NRS 598D.100 prohibits lenders from making loans "without determining, using
11 commercially reasonable means or mechanisms, that the borrower has the ability to repay the home
12 loan." NRS 598D.100(1)(b). However, this suitability language was added in mid-2007 when the
13 statute was amended. Although Silsby alleges that defendants violated the present version of the
14 statute, his loan originated in 2006, prior to the current amendment. Therefore, Silsby's loan cannot
15 have violated the current statutory language requiring a determination that a borrower has the
16 ability to repay the loan.
17     Additionally, Silsby's unfair lending practices claim is barred by the applicable statute of
18 limitations. The statute of limitations on an unfair lending practices claim under NRS 598D is two
19 (2) years. *See* NRS § 11.190(3)(a). Silsby purchased the property in 2006, and did not file the
20 present action until 2011, over three years after the statute of limitations had expired. Accordingly,
21 the court shall grant moving defendants' motions as to this issue.
22     **D.  Breach of Good Faith and Fair Dealing**
23     Under Nevada law, "[e]very contract imposes upon each party a duty of good faith
24 and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784
25 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for
26

4

breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

The court notes that there is no contract between Silsby and defendants LSI, Tune, QLS, or Litton. The only contract at issue is the mortgage note originated by non-moving defendant Ownit. Therefore, the court finds that Silsby has failed to allege a sustainable claim for breach of the covenants of good faith and fair dealing as to moving defendants.

### E.  NRS 107.080

In his complaint, Silsby alleges that defendants improperly foreclosed on his property because the promissory note was severed from the deed of trust and none of the defendants hold the original mortgage note. *See* Doc. #1, Exhibit A.

Nevada law does not require the production of the original note before one of the statutorily enumerated parties initiates a non-judicial foreclosure. *Weingarter v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276, 1280 (D. Nev. 2010). Therefore, Silsby fails to allege a claim upon which relief can be granted.

### F.  Quiet Title

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS § 40.010. Here, moving defendants do not claim any interest in the property adverse to Silsby. Therefore, Silsby has no grounds to quiet title against moving defendants.

///

///

### G. Fraud

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Here, Silsby fails to allege anything more than defendants defrauded him during the loan process. There are no allegations of who failed to provide information or what information was not provided. Further, Silsby fails to specifically allege the requisite "time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Therefore, the court finds that Silsby's allegations are insufficient to support his claim for fraud.

### H. Slander of Title

A claim for slander of title "involves false and malicious communications, disparaging to one's title in land, and causing special damages." *Executive Mgmt., Ltd. v. Ticor Title Co.*, 963 P.2d 465, 478 (Nev. 1998).

Here, the recorded notice of default and notice of trustee's sale are not false and malicious communications disparaging Silsby's title. First, Silsby concedes that he was in default on his loan. Thus the notice of default does not make a false statement about his title to the property. Second, it is not false that the property was to be sold at a trustee's sale. Therefore, the court finds that Silsby has failed to state a claim for slander of title.

### I. Abuse of Process

To establish a claim for abuse of process a party must show that an opposing party (1) had an ulterior purpose for bringing a legal action other than resolving a legal dispute, and (2) used the

legal process in a way that is not proper in the regular conduct of the proceeding. *Las Vegas Fetish and Fantasy Halloween Ball, Inc. v. Ahern Rentals*, 182 P.3d 764, 767 (Nev. 2008); *Georgiou Studio, Inc. v. Boulevard Invest, LLC*, 663 F. Supp. 2d 973, 982 (D. Nev. 2009).

Here, the court finds that Silsby has failed to allege any facts demonstrating that defendants had an ulterior motive in initiating non-judicial foreclosure proceedings other than the resolution of his default on the mortgage note. Further, the process at issue in this action is a non-judicial foreclosure which is not the characteristic legal action contemplated by an abuse of process claim. *See e.g., Smith v. Wachovia Mortgage Corp.*, 2009 WL 1948829, *5 (N.D. Cal. 2009). Therefore, the court finds that Silsby has failed to state a claim for abuse of process. Accordingly, the court shall grant moving defendants' motions to dismiss.[2]

IT IS THEREFORE ORDERED that defendants' motions to dismiss (Doc. ##5, 7) are GRANTED. Defendants LSI Title Company; Quality Loan Service Corporation; Keli Tune; and Litton Loan Servicing LP are DISMISSED as defendants in this action.

IT IS FURTHER ORDERED that defendant Litton Loan Servicing LP shall have ten (10) days after entry of this order to prepare an appropriate order expunging lis pendens and submit the same for signature.

IT IS SO ORDERED.

DATED this 14th day of September, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] The court, in granting defendants' motions to dismiss, notes that Silsby did not request leave to amend his complaint. However, even if he did request leave to amend, the court would deny the request because he has failed to make any showing that amendment in this particular case would not be futile or that he could overcome the identified pleading defects.