UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ERIC R. SILSBY,

    Plaintiff,

v.

OWNIT MORTGAGE SOLUTIONS, INC.; et al.,

    Defendants.

3:11-CV-0476-LRH-VPC

ORDER

Before the court is plaintiff Eric R. Silsby's ("Silsby") motion for reconsideration of the court's order granting defendants' motions to dismiss (Doc. #19[1]). Doc. #21. Defendants filed an opposition (Doc. #22) to which Silsby replied (Doc. #24).

**I.   Facts and Procedural History**

On March 28, 2006, Silsby purchased real property through a mortgage note and deed of trust executed by defendant Ownit Mortgage Solutions, Inc. ("Ownit"). Silsby defaulted on the loan and defendants initiated non-judicial foreclosure proceedings.

Subsequently, on May 18, 2011, Silsby filed a complaint against defendants alleging nine causes of action: (1) debt collection violations; (2) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (3) Nevada Unfair Lending Practices Act, NRS 598D.100; (4) breach of the

---

[1] Refers to the court's docketing number.

covenant of good faith and fair dealing; (5) NRS 107.080; (6) quiet title; (7) fraud; (8) slander of title; and (9) abuse of process. Doc. #1, Exhibit 2. In response, defendants filed a series of motions to dismiss (Doc. ##5, 7) which were granted by the court (Doc. #19). Thereafter, Silsby filed the present motion for reconsideration. Doc. #21.

## II.  Discussion

Silsby brings his motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). A motion under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In his motion, Silsby contends that there has been an intervening change in controlling law such that the court's prior order is in error. *See* Doc. #21. Specifically, Silsby argues that the recent Ninth Circuit decision in *Cervantes v. Countrywide Home Loans*, 656 F.3d 1034 (9th Cir. September 7, 2011), establishes that a party must be a holder of both the mortgage note and deed of trust to initiate non-judicial foreclosure proceedings. *Id*.

The court has reviewed the documents and pleadings on file in this matter and finds that reconsideration of the court's order is not warranted. Silsby's reliance on *Cervantes* is misplaced. First, that decision is based solely on the application of Arizona law which differs greatly from Nevada law in terms of non-judicial foreclosures. At the time of the instant foreclosure, Nevada law did not require the production of the original note before one of the statutorily enumerated parties initiates a non-judicial foreclosure. *Weingarter v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276, 1280 (D. Nev. 2010). Second, the *Cervantes* court re-established the legality of statutorily

2

enumerated parties initiating non-judicial foreclosure proceedings against a defaulting party. *See Cervantes*, 656 F.3d at 1044. Therefore, the court finds that Silsby's motion for reconsideration is without merit and shall deny the motion accordingly.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #21) is DENIED.

IT IS SO ORDERED.

DATED this 17th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3